```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------X
UNITED STATES OF AMERICA,       :

     -against-                   :

KRIS SERGENTAKIS,                :    05 Cr. 230 (JFK)
VINCENT SGAMBELLURI, and
DOMINICK SGAMBELLURI,            :    OPINION and ORDER

               Defendants.       :

-------------------------------X
```

<u>APPEARANCES</u>:

>            For the United States of America:
>                DAVID N. KELLEY
>                United States Attorney for the
>                Southern District of New York
>                New York, New York
>                Of Counsel:  Bret R. Williams
>                             Assistant United
>                             States Attorney
>
>
>            For Defendant Kris Sergentakis:
>                Raphael F. Scotto, Esq.
>                Scotto Law Office
>                New York, New York

**JOHN F. KEENAN, United States District Judge**

**JOHN F. KEENAN, United States District Judge:**

## The Indictment

The indictment was filed on March 2, 2005. It charges the defendant and two others in three counts. Count One charges each defendant with participating in a conspiracy to provide commercial bribes in violation of New York State Penal Law Sections 180.00, 180.03, 180.05, and 180.08 and to commit mail fraud and deprive the Leukemia & Lymphoma Society, Inc. ("LLS") of honest services, from in or about July 2001 through on or about April 1, 2004 in violation of Title 18, United States Code, Section 371. Count Two charges the three defendants with use of the mails to facilitate their commercial bribery scheme in violation of Title 18, United States Code, Sections 1952(a)(3)(A) and 2. Count Three charges the three defendants with mail fraud and depriving LLS of honest services in violation of Title 18, United States Code, Sections 1341, 1346, and 2.

## The Motion

Mr. Sergentakis seeks an order:

"(1) pursuant to Rule 16 of the Federal Rules of Criminal Procedure directing the government to supply counsel with discovery and a Bill of Particulars.

(2) pursuant to Rule 12(b)(1) of the Federal Rules of Criminal Procedure directing the government to disclose the identity and location of all informants who actively participated or who were witnesses to any underlying act or transaction which served as a basis for the prosecution.

(3) directing the government to provide to counsel, well in advance of the trial, the names of all expert witnesses who may be called to testify as well as a synopsis of any proposed testimony, and all Jencks material.

(4) pursuant to Brady v. Maryland, 373 U.S. 83 (1963) directing the prosecutor to disclose to the defendant all evidence favorable to the defendant which is material either to guilt or punishment including but not limited to, witness statements favorable to the defendant, existence of witnesses favorable to the defendant, specific evidence which detracts from the credibility or probative value of testimony or evidence used by the prosecution, promises of immunity to a government witness, any co-defendant's statement which exculpates the defendant, any co-conspirator's statement which exculpates the defendant and any lack of similar act evidence on the part of the defendant.

(5) permitting the defense to supplement any and all motions with additional affidavits, if necessary."

The Government opposes the motion.

### **Ruling**

The Sergentakis motion in blunderbuss fashion seeks all manner of discovery including "3500 or Jencks material . . . 60 days before trial." (¶¶ 22, 38 and 45 defense motion). This is an overbroad request.

3

18 U.S.C. § 3500(b) calls for production of Government witness statements after the witness "has testified on direct examination." The Government response to the Sergentakis motion, at p. 9, points out that:

> "Consistent with the regular practice in this District, the Government intends to make Section 3500 material available to the defense at the same time as impeachment material. Moreover, in order to avoid any delay in the trial, the Government will produce such material sufficiently in advance of each Government witness's testimony."

This is more than adequate.

As to a Bill of Particulars, it must be pointed out that the indictment here contains three counts and is supplemented by a nine paragraph Complaint from Magistrate's Court. The indictment itself is eight pages long and sets forth the alleged scheme in great detail in some eleven paragraphs of Count 1. There are five overt acts alleged with dates for each. The Government has already supplied:

> Complaint filed on November 1, 2004;
> Indictment filed on March 2, 2005;
> Criminal history sheet;
> E-mail;
> Invoice and payment chart;
> Airfield Graphics checks;
> Data Tape Systems Inc. bank records;
> Deposition of the defendant;
> a copy of three audiotapes, and
> draft transcripts. (p. 3 Government Memo)

If any of the alleged bribe payments related to a specific contract, the Government is directed to supply Mr. Sergentakis' counsel with a copy thereof if it is in

4

writing, to supply counsel with copies of any bills or invoices relating to any contract and if the contract was oral to identify any parties thereto.  Some of this has apparently already been supplied but if there are additional documents, they are to be turned over.

The Government has stated that "it has a continuing duty to provide discovery under Fed. R. Crim. P. 16."

There is no need for a Bill of Particulars here.

At paragraph 5 of the motion, the defendant requests "All evidence of prior or subsequent similar acts which the government intends to offer at the trial." The motion mistakenly cites "F.R.C.P. 12(d)(2)." Apparently, what is desired is Federal Rule of Evidence 403 and 404(b) material.  The Government is directed to supply notice of the intent to offer such evidence two calendar weeks before trial.

The Court is at a loss to understand how Federal Rule of Criminal Procedure ("F.R.Cr.P.") 12(b)(1) pertains to the identity of informants.  In any event, the defense is not entitled to this pre-trial.

If there are any expert witnesses, the Government is directed to comply with F.R.Cr.P. 12(1)(G) within two weeks of this order.

Any <u>Brady</u> material the Government becomes aware of in the future relating to the defendant is to be supplied to the defense immediately. At present, there is no <u>Brady</u> material according to the Government. (p. 12 Government Brief).

There is no need for the defendant Sergentakis to supplement his "motions with additional affidavits."

The Sergentakis motion is denied except as to the extent set forth above.

**SO ORDERED.**

Dated: New York, New York
August 17, 2005

/s/ John F. Keenan
JOHN F. KEENAN
United States District Judge