```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------X
UNITED STATES OF AMERICA,       :

        -against-               :
                                        S1 05 Cr. 230 (JFK)
 KRIS SERGENTAKIS,              :       **OPINION**

            Defendant.          :

-------------------------------X
```

<u>APPEARANCES</u>:

>For the United States of America:
>    MICHAEL J. GARCIA
>    United States Attorney for the
>    Southern District of New York
>    New York, New York
>    Of Counsel: Bret R. Williams
>                E. Danya Perry
>                Assistant United
>                States Attorneys
>
>
>For Defendant:
>    David Wikstrom, Esq.
>    New York, New York

**JOHN F. KEENAN, United States District Judge**

**JOHN F. KEENAN, United States District Judge:**

**Background**

The Government moves in limine to admit certain statements by the defendant Kris Sergentakis. They are voicemails the Government wants to offer at trial. The Government claims they are direct evidence of and explain the background regarding the defendant's participation in the alleged conspiracy to commit commercial bribery, mail fraud, and the money laundering offenses charged. Alternatively, the Government proffers the evidence under Federal Rule of Evidence 404(b) ("Rule 404(b)"), to show that the defendant had the requisite intent and knowledge to commit the charged offenses.

The Government also seeks to offer at trial portions of a deposition given by the defendant in a civil matter on March 10, 2003. The Court has not yet seen this material and cannot rule relative to the deposition material at this time.

The Indictment charges one count of conspiracy to commit commercial bribery, mail fraud, and money laundering offenses, one substantive count of commercial bribery, and one substantive count of mail fraud. The Government claims that the evidence will show that from in or about July 2001 through on or about April 16, 2004 Sergentakis participated in a scheme whereby Leukemia & Lymphoma Society, Inc. ("LLS") commercial

printing contractors paid him kickbacks for his assistance in their receiving contracts for printing services to be awarded by LLS to the printing contractors. Allegedly, the evidence will show that in furtherance of the scheme, former co-defendants, Vincent Sgambelluri and Domenick Sgambelluri, the owners of Airfield Graphics, paid Sergentakis kickbacks in the form of cash and checks from Airfield Graphics made payable to Sergentakis' company, Data Tape, in exchange for the assurance that LLS would award certain contracts to Airfield Graphics for commercial printing services.

The Indictment charges that Kris Sergentakis instructed the Sgambelluris to receive kickbacks from certain other printing vendors of LLS.

The Government further claims that one such vendor included a printing company located in Minnesota and that it paid kickbacks to the Sgambelluris, for the benefit of Sergentakis, which were passed on to Sergentakis. The Government expects the evidence to show that on at least one occasion Airfield Graphics gave a kickback payment for Sergentakis to the owners of Northeast Impressions, a/k/a "NEI," a/k/a "C4 Studios" in Fairfield, New Jersey, a printing

company that also contracted with LLS, to be passed on to Sergentakis.

The Government seeks to offer certain voicemails left by Kris Sergentakis for Rick Breakstone and Gary Swenson, the owners of NEI while he was on bail.[1]  It should be noted that neither NEI, Breakstone or Swenson are mentioned in the Indictment.  The Government has not proffered as to how Messrs. Breakstone and/or Swenson would tie these voicemails to this case.  After he was indicted, Sergentakis left a number of voicemails demanding money from the owners of NEI in which he threatened to expose alleged illegal improper activity on their part.  In some of the voicemails he discussed, allegedly, the criminal charges he faced.  Sergentakis made references to the relationship between the owners of NEI and his co-defendant, Vincent Sgambelluri, whom he referred to as "Enzo."

In a message left for Rick Breakstone in or about January, 2005 Sergentakis states, "By Friday, (U/I) orange jump suit, scum bag, seven to ten, federal pen, you Gary and your buddy fucking Enzo.  I can prove conspiracy amongst the three of you and the schemes."  The language used by the defendant is

---

[1] Because of the threatening nature of the tapes, including at least two threats to kill, defendant was remanded.

lower than gutter grade and the Government is willing to redact portions of one message that are clearly anti-Semitic. As defense counsel has acknowledged in his April 13, 2006 response to this motion "the transcripts unequivocally prove that Mr. Sergentakis is a foulmouthed hothead."

## Discussion

Altogether, there are 15 voice messages. The first occurred "In or around October 2004" and the last "In or around July 2005." The acts charged in the Indictment allegedly took place from July 2001 through April 2004.

Two of the April 2005 voicemails and one of the July 2005 messages relate to alleged payoffs at Novartis, another company, which neither the Sgambelluris, Breakstone, Swenson nor the defendant were employed by or involved with so far as has been shown. These are inadmissible. They are not relevant under FRE 401. They are not referred to in the Indictment and possible criminal acts by non-conspirator third parties do not bind Mr. Sergentakis.

There are four voicemails "In or around October 2004." Nothing contained in them refers to Airfield Graphics or anything contained in the Indictment.

The two November 2004 voicemails are highly insulting and incredibly vulgar. One of them is threatening in nature and may well constitute a crime, but neither November

conversation seems to have any connection to the charges here which allegedly occurred years and months earlier.

There are two January 2005 voicemails and four more April 2005 messages that do not mention Novartis. None of these six recordings appear to have anything to do with the charges here although the Government urges that the second equally foul April 2005 tape for Mr. Breakstone, does. The test of this tape follows:

> "Hey scumbag, lowlife, you still haven't gotten arrested yet, you piece of shit? They're gonna grab you and throw your ass in jail. If they don't I'll pay for investigator to get you thrown in jail, you m__ f__ "
> (spelled out).

The prosecution argument is that this and the other tapes are "relevant, direct proof of the charged offense and that it is background to, part of, and inextricably intertwined with the defendant's commission of the charged offenses."

That simply is not so logically or legally based on the material before me. They are direct proof that the defendant was trying to collect money allegedly owed him by NEI long after the conspiracy charged ended and that he could engage in disgusting speech. The tapes give no hint as to what the money was owed for. They can't be background because the scheme charged ended in April 2004 and the tapes begin six

months later and end over a year later. Background suggests prior activity to explain how an illegal relationship began and developed. See United States v. Pitre, 960 F.2d 1112 (2d Cir. 1996) and United States v. Roldan-Zapata, 916 F.2d 795 (2d Cir. 1990).

Of course, a subsequent statement could be background if it referred back to activity before or during the period of the charged activity and if the statement explained the genesis and development of the illegal conduct. Such is not the case here. The tapes are subsequent not prior to the charged conduct and do not refer back to the acts charged.

As to F.R.E. 404(b), admissibility presumes relevance. There is nothing demonstrated here that establishes relevance under F.R.E. 401 and nothing about them establishes intent or knowledge.

On the basis of the record before me, the Government motion is denied.

**SO ORDERED.**

Dated: New York, New York
April 17, 2006

John F. Keenan

**JOHN F. KEENAN**
**United States District Judge**